1   **WO**

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6                  FOR THE DISTRICT OF ARIZONA

7

8   Miguel Zaragoza,                    )      CV 05-1128-PHX-MHM
                                        )
9              Plaintiff,               )      **ORDER**
                                        )
10  vs.                                 )
                                        )
11                                      )
    Maricopa County, et al,             )
12                                      )
               Defendant.               )
13                                      )
                                        )
14  _____   )

15     Currently, before the Court is Defendants' Motion to dismiss Plaintiff's Federal Claims.

16  (Dkt. #10).  After reviewing the papers and determining that oral argument is not necessary,

17  the Court issues the following Order.

18  **I.        Background**

19     Plaintiff's action is based upon the following alleged events.  On February 17, 2003,

20  Plaintiff Miguel Zaragoza ("Plaintiff") was arrested, booked and detained in the Maricopa

21  County Jail. (Complaint ¶10).   After allegedly exhibiting unusual behavior and indications

22  of mental illness, Plaintiff was transferred to the Madison Street Jail Psychiatric Ward and

23  placed in four-point restraints. (Compl. ¶17).   On February 19, 2002, after being released

24  from the restraints, Plaintiff injured himself by inserting both of his index fingers into his

25  eyes. (Compl. ¶20-23).  Plaintiff, after a determination of incompetency, was transferred to

26  the Arizona State Hospital. (Exhibit 1, Plaintiff's Response Dkt#11).  On August 28, 2003,

27  Plaintiff was deemed to be competent. (Exhibit 1, Defendants' Reply, Dkt#13). He was

28  released from custody on November 12, 2003.  (Exhibit 1, Defendants' Motion, Dkt.#10).

1   He later served a month long sentence and was released on February 15, 2005.  After being

2   released from custody, Plaintiff asserted the present action on February 22, 2005, asserting

3   violations of his civil rights under 42 U.S.C. § 1983.

4   **II.        Legal Standard**

5         Nonexhaustion under § 1997e(a) is an affirmative defense.  Wyatt v. Terhune, 315

6   F.3d 1108, 1119 (9th Cir. 2003).  It should be treated as a matter of abatement and brought

7   in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment.  Id.

8   In deciding a motion to dismiss for failure to exhaust administrative remedies under § 42

9   U.S.C. § 1997e(a), the court may look beyond the pleadings and decided disputed issues of

10  fact.  Id. at 1119-20.  If the court concludes that the prisoner has not exhausted his

11  administrative remedies under the administrative process, the proper remedy is dismissal

12  without prejudice.  Id. at 1120.

13  **III.    Discussion**

14        Defendants allege that this Court is without jurisdiction to hear Plaintiff's federal

15  claims because he has failed to exhaust his administrative remedies under the Prison

16  Litigation Reform Act ("PLRA") pursuant to 42 U.S.C. § 1997e(a).  Plaintiff argues that no

17  such exhaustion is required since Plaintiff filed the present action following his incarceration,

18  thus he was not a "prisoner" obligated to abide by the PLRA's administrative procedures.

19        **A.     Scope Of The PLRA**

20        42 U.S.C. § 1997e(a) provides in pertinent part:

21        No action shall be brought with respect to prison conditions under section
          1983 of this title, or any other Federal law by a prisoner confined in any jail,
22        prison, or other correctional facility until such administrative remedies as are
          available are exhausted.
23
          Under the PLRA a "prisoner" is defined as "any person incarcerated or detained in any
24
    facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,
25
    violations of criminal law or the terms and conditions of parole, probation, pretrial release,
26
    or diversionary program.  42 U.S.C. § 1997e(h).  Thus, the issue in the present case is
27
    whether the Plaintiff falls within the scope of the definition of "prisoner" defined in the
28

1    PLRA and thus subject to its exhaustion requirement.  In reviewing Ninth Circuit authority,

2    authority from other circuits and the plain language of the PLRA itself, this Court finds that

3    Plaintiff's status as a released individual when asserting this claim relieves him of his

4    obligation to exhaust under the PLRA.

5          The Ninth Circuit indirectly addressed this issue in Page v. Torrey, 201 F.3d 1136 (9th

6    Cir. 2000) when it determined that a civilly committed person was not subject to the

7    requirements of the PLRA.  The court stated that the PLRA's exhaustion requirement only

8    applies to "individuals who, at the time they seek to file their civil actions, are detained as

9    a result of being accused of, convicted of, or sentenced for criminal offenses."  Id. at 1140.

10   As discussed below, the Ninth Circuit's interpretation of the PLRA has also been applied to

11   the issue in this case by district courts within this Circuit.  Moreover, other circuits courts

12   have held that the PLRA's exhaustion requirement does not apply to a former prisoner, such

13   as the Plaintiff in this case.  See Greig v. Goord, 169 F.3d 165, 167 (2nd Cir. 1999); (former

14   prisoner not required to comply with PLRA); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir.

15   1998) (same); Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998) (same).

16         In Krittenbrink v. Crawford, 313 F. Supp.2d 1043, 1048 (D. Nev. 2004) the district

17   court held that the plain language of the PLRA supports the conclusion that the PLRA's

18   exhaustion requirement does not apply to released prisoners.  The court noted that a plain

19   reading of the language set forth in the PLRA reveals that it applies only to those actions

20   brought by prisoners "confined in any jail, prison, or other correctional facility."  Id.  Thus,

21   "[h]ad Congress intended to preclude suits brought by former prisoners, it could have written

22   the exhaustion provision to do so.  It did not."  Thomas v. Baca, 2005 WL 69779986 * 3

23   (C.D. Cal. 2005).

24         Thus, in looking to the authority from this Circuit as well as others, it is clear that the

25   majority position is that the PLRA's exhaustion requirement only applies to prisoners, not

26   released former prisoners.

27         Defendants point out this District has held that the PLRA's exhaustion requirement

28   does apply to preclude unexhausted claims brought by former prisoners involving prison

1  conditions.  See Morgan v. Maricopa County, 259 F. Supp.2d 985, 992 (D.Ariz. 2003).  In

2  rendering this decision the court relied on two recent Supreme Court rulings, Booth v.

3  Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) and Porter v. Nussel, 534

4  U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), to support a broad interpretation of the

5  PLRA's exhaustion requirement. Id.  In Booth, the Supreme Court held that the PLRA's

6  exhaustion requirement is mandatory and applies regardless of whether the prisoner seeks

7  money damages or some other relief.  Id. at 739-40.  Additionally in Porter, the Supreme

8  Court held that the exhaustion requirement "applies to all inmate suits about prison life,

9  whether they involve general circumstances or particular episodes, and whether they allege

10  excessive force or some other wrong." Porter, 534 U.S. at 532.   Thus, based upon these

11  post-Page rulings, the court in Morgan felt that the Ninth Circuit would apply the PLRA's

12  exhaustion requirement to both current and former prisoners. Id. at 991-92.

13         However, this Court does not read the holdings in Booth and Porter as broadly.

14  Importantly, neither case involved the issue in this case, whether the PLRA's exhaustion

15  requirement applies to suits by former prisoners.  The line of authority within this Circuit and

16  others demonstrates that the PLRA's exhaustion requirement applies only as it reads within

17  the language of the statute, to those claims asserted by prisoners while they are incarcerated.

18  This Court cannot stretch the scope of the statute beyond its plain meaning.  As such,

19  Plaintiff was not bound by the exhaustion requirement when he filed suit as a released

20  prisoner.  Thus, Defendants' Motion to dismiss Plaintiff's federal claims on this basis is

21  denied.

22         **Accordingly,**

23         **IT IS HEREBY ORDERED** denying Defendants' Motion to dismiss Plaintiff's

24  federal claims.  (Dkt. #10).

25         DATED this 3rd day of March, 2006.

26

27

28  _____
Mary H. Murgula
United States District Judge